[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10711

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HAROLD STEWART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:99-cr-00323-TPB-TGW-2

_____

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Harold Stewart appeals the district court's denial of his motion for compassionate release. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A drug dealer sold methamphetamine to a confidential source and to an undercover Drug Enforcement Administration agent, got arrested, and agreed to cooperate with law enforcement. That arrest led to four others, including Stewart's. Ultimately, a jury found Stewart guilty of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. section 846.

Partly based on Stewart's long list of past convictions, many of which involved marijuana, the district court sentenced Stewart to 360 months' (or thirty years') imprisonment, followed by six years of supervised release. After he served over twenty-one years (or seventy percent) of his sentence, Stewart moved for compassionate release, arguing that the district court should reduce his sentence to time served because his advanced age (sixty-seven years old), various health problems (knee deterioration, arthritis, serious gum disease, acid reflux, sleep apnea, gout, heart murmur, ventral hernia, and bacterial stomach infection), and previous COVID-19 infection amid the ongoing pandemic created "extraordinary and compelling" circumstances under 18 U.S.C. section 3582(c)(1)(A)(i).

The district court denied the motion, concluding that Stewart did not demonstrate extraordinary and compelling reasons for compassionate release because he did not say how his health problems heightened his risk of re-contracting COVID-19 or made him unable to care for himself. The district court also explained that, even if Stewart could show extraordinary and compelling circumstances, the 18 U.S.C. section 3553(a) factors weighed against compassionate release because Stewart was found guilty of distributing methamphetamine, was a career offender with a high risk of recidivism, and posed a danger to the public. Stewart now appeals the order denying compassionate release.

## STANDARD OF REVIEW

We review a district court's denial of compassionate release for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). This standard "means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Harris*, 989 F.3d at 911–12 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). "[It] also abuses its discretion when it commits a clear error of judgment." *Id.* at 912 (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

## DISCUSSION

Stewart argues that the district court erred in concluding that he did not establish extraordinary and compelling reasons for compassionate release and in ignoring his post-sentence rehabilitation when it weighed the section 3553(a) factors. The district court denied Stewart's compassionate release motion on two independent bases: (1) Stewart did not show extraordinary and compelling circumstances, and (2) the section 3553(a) factors weighed against compassionate release. Because we affirm on the second basis, we do not reach the first.

To grant a defendant's compassionate release motion, the district court must consider the applicable section 3553(a) factors. *United States v. Cook*, 998 F.3d 1180, 1184 (11th Cir. 2021). But in considering the section 3553(a) factors, the "district court need not exhaustively analyze every factor in its order." *Id.* The district court only needs to "provide enough analysis 'that meaningful appellate review of the factors' application can take place.'" *Id.* (quoting *United States v. Johnson*, 877 F.3d 993, 998 n.11 (11th Cir. 2017)). "[D]istrict courts needn't address each of the [section] 3553(a) factors or all of the mitigating evidence. Instead, an acknowledgement by the district court that it considered the [section] 3553(a) factors and the parties' arguments is sufficient." *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (quotation omitted).

Stewart contends that the district court didn't properly consider the section 3553(a) factors because it discounted his in-prison efforts at rehabilitation. But "[t]he weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (alterations adopted and quotation omitted).

The district court implicitly gave Stewart's rehabilitation little to no weight and instead focused on the serious nature of his offense, the number and nature of his prior offenses, and his risk of recidivism. After "reviewing the motion, response, case file, and the record," the district court concluded that "[t]he vast majority of the [applicable section 3553(a)] factors weigh[ed] against sentence reduction" and that Stewart presented "a danger to the public." Given Stewart's status as a long-time repeat offender, we discern no abuse of discretion here. *See Tinker*, 14 F.4th at 1241 (explaining that "the district court did not abuse its discretion in weighing the [section] 3553(a) factors" when it "emphasized [the defendant]'s extensive criminal history and the need to protect the public").

Because the district court did not abuse its discretion in concluding that the section 3553(a) factors weighed against compassionate release, we affirm the denial of Stewart's motion.

**AFFIRMED**.